IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40348
Summary Calendar
_____


IN THE MATTER OF:  A & M Operating Co., Inc.
                   d/b/a Custum Vessel Co.,

                                        Debtor.

THE RALPH M. PARSONS CO.

                                        Appellant,

                        versus

SOUTH COAST SUPPLY COMPANY, INC.

                                        Appellee.
_____

Appeal from the United States District Court for the
Eastern District of Texas
(6:93-CV-627)
_____
April 10, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The plaintiff, The Ralph M. Parsons Co. ("Parsons"), appeals partially the March 29, 1995 order of the district court affirming the award by the bankruptcy court to South Coast Supply Company, Inc. ("South Coast") of a materialmen's lien in the amount of $309,464.32 on several high pressure vessels constructed by the bankrupt A & M Operating Company, Inc. d/b/a Custom Vessel Company,

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Inc. ("CVC"), for Parsons and other CVC clients.[1] The amount of the materialman's lien impressed against the single high pressure vessel constructed for Parsons is $207,980.00. Parsons challenges this lien, arguing that the bankruptcy court's findings, affirmed by the district court, are not supported by the record. Specifically, it disputes whether (a) CVC owned the Parsons's vessel at the time the materialman's lien arose, and (b) South Coast, the materialman, was in privity with CVC.

                                  I

In reviewing the affirmance by the district court of findings of fact by the bankruptcy court, we credit the factual findings unless clearly erroneous. Matter of Reed, 700 F.2d 986, 992 (5th Cir. 1983). A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). The parties agree that in the instant case the ownership of personal property in possession of the debtor at the time of bankruptcy is a question of fact, as is whether privity existed between the debtor and the putative owner.

---

[1]The district court's order also reversed the bankruptcy court and awarded an additional materialman's lien against CVC in favor of South Coast in the amount of $24,544.72 for sale of material to CVC from South Coast's general inventory. This lien is not the subject of this appeal as only the materialman's lien that South Coast was found to have against the Parsons's vessel has been appealed.

The bankruptcy court found the following facts. CVC specialized in building high pressure vessels, such as the one constructed for Parsons in this case. South Coast was a supplier of subcomponents for these high pressure vessels. South Coast supplied its customers with these components both from its own stock and on a special order basis. South Coast did not itself manufacture any parts. To fill special orders for its customers, such as CVC, South Coast maintained a relationship with a manufacturer of parts, Forged Vessel Connections, Inc. ("FVC"). Under this relationship, South Coast's customers requiring a special order item could order from a FVC catalog maintained by South Coast or they could order directly from FVC. All orders, whether placed directly with FVC or with South Coast, were billed directly to customers, including CVC, solely through South Coast. CVC was never directly invoiced for special order components by FVC and CVC never disputed its liability for payment to South Coast for special orders filled by FVC but billed by South Coast.

The bankruptcy court found that CVC experienced financial difficulty in 1992 and was unable to pay South Coast for purchases of components valued at approximately $656,462.27. South Coast became concerned that CVC was about to transfer ownership of certain uncompleted vessels to CVC's respective customers that had ordered them. South Coast therefore filed state court actions asserting its rights as a materialman to a mechanic's lien on the vessels built by CVC with South Coast components, including the

Parsons's vessel. In conjunction with these state court suits, South Coast obtained a prejudgment order of sequestration effectively impounding numerous vessels under construction at CVC's facilities. The orders of sequestration required the payment of $323,218.06 as a condition of replevy of the seized vessels. The replevy of each individual vessel is dependent upon the dollar amount of the material supplied by South Coast toward construction of the vessel.

In January 1993, CVC filed for relief under Chapter 11 of the Bankruptcy Code. South Coast then removed the state court lawsuits to the United States District Court for the Eastern District of Texas, Tyler Division. Three additional adversary proceedings concerning the same basic issues were filed by two of CVC's customers, Parsons and M.W. Kellogg Company. Because CVC, Parsons and the M.W. Kellogg Company announced a resolution of their disputes in open court, the only issue addressed by the bankruptcy court concerned whether South Coast is entitled to a materialman's lien as a supplier to CVC in the construction of various vessels, including the Parsons's vessel.

The bankruptcy court found that the various vessels subject to the sequestration order, including the Parsons's vessel, actually were owned by CVC at the time of the sequestration order, and thus able to be attached by CVC's creditors under Texas law.[2] The

---

[2]Parsons does not dispute whether the bankruptcy court correctly sets forth the test for the lien under Texas law.

bankruptcy court further found that the value of the components used in the Parsons's vessel, and therefore the Texas constitutional lien against the Parsons's vessel alone, amounted to $207,980.00. In finding that the vessels subject to the sequestration order could be attached, the bankruptcy court rejected the claim of CVC's customers that the customers owned the various vessels at the time of sequestration. Parsons premised its ownership of the vessel constructed for it by CVC on (a) the vesting title provision in its contract with CVC, and (b) Parsons's payments of several hundred thousand dollars to CVC in the months preceding CVC's bankruptcy filing. The court reasoned that the vesting title provision conflicted with a December 16, 1992 letter of Parsons's stating that title to the vessel did not transfer until that date. It further found that the several hundred thousand dollars paid by Parsons to CVC compensated CVC not for components supplied by South Coast and incorporated into the vessels, but for drawings of the vessel and the provision of certain "head and plate" material.

The bankruptcy court also turned aside Parsons's argument that because of a lack of privity, South Coast could not qualify as a materialman. In so doing, the court found first that CVC was in privity with South Coast, not FVC, even though South Coast permitted its customers, including CVC, to order directly from FVC. The court reasoned that because all invoices for components furnished CVC were submitted to CVC by South Coast, CVC dealt with

South Coast instead of FVC, as Parsons's had asserted, entitling South Coast to claim the lien.

## II

The issue on appeal is whether the district court committed clear error in affirming the bankruptcy court's factual findings that (a) CVC owned the vessels at the time that the lien in favor of South Coast arose, and (b) South Coast was in privity with CVC. Having reviewed the record, the briefs of the parties, the opinion of the bankruptcy court, and the memorandum opinion and order of the district court, we find that because the bankruptcy court's factual findings have solid support in the record, the district court's affirmance of the bankruptcy court's recognition of a materialman's lien in the Parsons's vessel in favor of South Coast for $207,980.00 is not clearly erroneous. For the reasons set out by the district court in its order of March 29, 1995, the judgment in favor of the defendant, South Coast Supply Company, Inc., is hereby

A F F I R M E D.